UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

--------------------------------- x

NETRATINGS, INC.,

                    Plaintiff,        Civil Action No. 05-cv-5076 (LTS)

      v.

SANE SOLUTIONS, LLC,

                    Defendant.     **JURY TRIAL DEMANDED**

--------------------------------- x

## AMENDED COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff NetRatings, Inc. ("NetRatings"), by and through its undersigned counsel, as and for its Amended Complaint for Patent Infringement (the "Complaint") against defendant Sane Solutions, LLC ("Sane Solutions"), states as follows:

### THE PARTIES

1.     NetRatings is a Delaware corporation with offices at 120 West 45th Street, New York, New York 10036. NetRatings is in the business of providing products and services relating to Internet audience measurement and analysis.

2.     Upon information and belief, Sane Solutions is a Rhode Island limited liability corporation with its principal place of business at 35 Belver Avenue, North Kingstown, Rhode Island 02852.

3.     Upon information and belief, Sane Solutions does business in the State of New York and/or this District, contracted to supply goods or services within the State of New York and/or this District, has continuous and systematic business contacts within the State of New York and/or this District, derives substantial revenue from interstate commerce from goods used

or services rendered in the State of New York and/or this District and commits and has

committed acts of patent infringement either within the State of New York and/or this District, or

without the State of New York and/or this District but which acts it expected, or reasonably

should have expected, would have consequences within the State of New York and/or this

District.

      4.      On its website, http://www.sane.com/products/NetTracker/customerlist.html,

Sane Solutions identifies customers of its NetTracker suite of products which, upon information

and belief, have extensive activity, if not principal headquarters, within the State of New York

and/or this District. In addition, on its website, http://www.sane.com/products/NetTracker/

partnerlist.html, Sane Solutions identifies companies with which, upon information and belief, it

partners in the offering, selling and/or servicing of its NetTracker suite of products. Upon

information and belief such partner companies have extensive activity, if not principal

headquarters, within the State of New York and/or this District.

      5.      Sane Solutions' activities in offering, selling and/or servicing its NetTracker suite

of products to, and partnering in such activities with, New York based companies, are acts which

Sane Solutions expected, or reasonably should have expected, to have consequences in New

York.

## JURISDICTION AND VENUE

      6.      This action arises under the Patent Laws of the United States, 35 U.S.C. § 1 et

seq. This Court accordingly has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

      7.      Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b) and (c)

and 28 U.S.C. §§ 1400(b).

## FACTS COMMON TO ALL COUNTS

8.      NetRatings and Sane Solutions offer products within the same Internet audience measurement and analysis market.

9.      On August 22, 2000, United States Letters Patent No. 6,108,637 (the "'637 Patent"), entitled CONTENT DISPLAY MONITOR, duly and legally issued to Blumenau. NetRatings is a joint owner by assignment of the '637 Patent and has the exclusive right to enforce the '637 Patent against Sane Solutions. A true copy of the '637 Patent is annexed hereto as Exhibit 1.

10.     On September 5, 2000, United States Letters Patent No. 6,115,680 (the "'680 Patent"), entitled COMPUTER USE METER AND ANALYZER, duly and legally issued to Coffee, et al. NetRatings is the owner by assignment of the '680 Patent. A true copy of the '680 Patent is annexed hereto as Exhibit 2.

11.     On July 13, 2004, United States Letters Patent No. 6,763,386 (the "'386 Patent"), entitled METHOD AND APPARATUS FOR TRACKING CLIENT INTERACTION WITH A NETWORK RESOURCE DOWNLOADED FROM A SERVER, duly and legally issued to Davis, et al. NetRatings is the owner by assignment of the '386 Patent. A true copy of the '386 Patent is annexed hereto as Exhibit 3.

12.     On October 7, 1997, United States Letters Patent No. 5,675,510 (the "'510 Patent"), entitled COMPUTER USE METER AND ANALYZER, duly and legally issued to Coffey, et al. NetRatings is the owner by assignment of the '510 Patent. A true copy of the '510 Patent is annexed hereto as Exhibit 4.

13.     On October 24, 2000, United States Letters Patent No. 6,138,155 (the "'155 Patent"), entitled METHOD AND APPARATUS FOR TRACKING CLIENT INTERACTION WITH A NETWORK RESOURCE AND CREATING CLIENT PROFILES AND RESOURCE DATABASE, duly and legally issued to Davis, et al. NetRatings is the owner by assignment of the '155 Patent.  A true copy of the '155 Patent is annexed hereto as Exhibit 5.

## COUNT I

## Infringement Of United States Patent No. 6,108,637

14.     NetRatings repeats the allegations contained in Paragraphs 1 through 13 as though fully set forth herein.

15.     Upon information and belief, Sane Solutions has been, still is, and will continue infringing, contributing to the infringement of, and/or inducing the infringement of the '637 Patent in violation of 35 U.S.C. § 271 by making, selling, using and/or offering for sale one or more of its products, including, but not limited to, its NetTracker suite of products, alone and/or in combination with other Sane Solutions products.

16.     Upon information and belief, Sane Solutions' infringement of the '637 Patent has been and continues to be willful, entitling NetRatings to enhanced damages pursuant to 35 U.S.C. § 284.

17.     As a result of Sane Solutions' infringement of the '637 Patent, NetRatings has suffered injury to its business and property in an amount to be determined as damages, and will continue to suffer damages in the future.

18.     Unless an injunction is issued enjoining Sane Solutions and its officers, agents, servants, employees and attorneys, and all those persons in active concert or participation with it, from infringing the '637 Patent, NetRatings will be irreparably harmed.

19.     Upon information and belief, with full knowledge of the '637 Patent, Sane
Solutions willfully and wantonly infringed the '637 Patent in deliberate and intentional disregard
of NetRatings' rights, making this an exceptional case pursuant to 35 U.S.C. § 285.

## COUNT II

### Infringement Of United States Patent No. 6,115,680

20.     NetRatings repeats the allegations contained in Paragraphs 1 through 19 as though
fully set forth herein.

21.     Upon information and belief, Sane Solutions has been, still is, and will continue
infringing, contributing to the infringement of, and/or inducing the infringement of the '680
Patent in violation of 35 U.S.C. § 271 by making, selling, using and/or offering for sale one or
more of its products, including, but not limited to, its NetTracker suite of products, alone and/or
in combination with other Sane Solutions products.

22.     Upon information and belief, Sane Solutions' infringement of the '680 Patent has been
and continues to be willful, entitling NetRatings to enhanced damages pursuant to 35 U.S.C. § 284.

23.     As a result of Sane Solutions' infringement of the '680 Patent, NetRatings has
suffered injury to its business and property in an amount to be determined as damages, and will
continue to suffer damages in the future.

24.     Unless an injunction is issued enjoining Sane Solutions and its officers, agents,
servants, employees and attorneys, and all those persons in active concert or participation with it,
from infringing the '680 Patent, NetRatings will be irreparably harmed.

25.     Upon information and belief, with full knowledge of the '680 Patent, Sane
Solutions willfully and wantonly infringed the '680 Patent in deliberate and intentional disregard
of NetRatings' rights, making this an exceptional case pursuant to 35 U.S.C. § 285.

## COUNT III

### Infringement Of United States Letters Patent No. 6,763,386

26.     NetRatings repeats the allegations contained in Paragraphs 1 through 25 as though fully set forth herein.

27.     Upon information and belief, Sane Solutions has been, still is, and will continue infringing, contributing to the infringement of, and/or inducing the infringement of the '386 Patent in violation of 35 U.S.C. § 271 by making, selling, using and/or offering for sale one or more of its products, including, but not limited to, its NetTracker suite of products, alone and/or in combination with other Sane Solutions products.

28.     Upon information and belief, Sane Solutions' infringement of the '386 Patent has been and continues to be willful, entitling NetRatings to enhanced damages pursuant to 35 U.S.C. § 284.

29.     As a result of Sane Solutions' infringement of the '386 Patent, NetRatings has suffered injury to its business and property in an amount to be determined as damages, and will continue to suffer damages in the future.

30.     Unless an injunction is issued enjoining Sane Solutions and its officers, agents, servants, employees and attorneys, and all those persons in active concert or participation with it, from infringing the '386 Patent, NetRatings will be irreparably harmed.

31.     Upon information and belief, with full knowledge of the '386 Patent, Sane Solutions willfully and wantonly infringed the '386 Patent in deliberate and intentional disregard of NetRatings' rights, making this an exceptional case pursuant to 35 U.S.C. § 285.

## COUNT IV

### Infringement Of United States Letters Patent No. 5,675,510

32.     NetRatings repeats the allegations contained in Paragraphs 1 through 31 as though fully set forth herein.

33.     Upon information and belief, Sane Solutions has been, still is, and will continue infringing, contributing to the infringement of, and/or inducing the infringement of the '510 Patent in violation of 35 U.S.C. § 271 by making, selling, using and/or offering for sale one or more of its products, including, but not limited to, its NetTracker suite of products, alone and/or in combination with other Sane Solutions products.

34.     Upon information and belief, Sane Solutions' infringement of the '510 Patent has been and continues to be willful, entitling NetRatings to enhanced damages pursuant to 35 U.S.C. § 284.

35.     As a result of Sane Solutions' infringement of the '510 Patent, NetRatings has suffered injury to its business and property in an amount to be determined as damages, and will continue to suffer damages in the future.

36.     Unless an injunction is issued enjoining Sane Solutions and its officers, agents, servants, employees and attorneys, and all those persons in active concert or participation with it, from infringing the '510 Patent, NetRatings will be irreparably harmed.

37.     Upon information and belief, with full knowledge of the '510 Patent, Sane Solutions willfully and wantonly infringed the '510 Patent in deliberate and intentional disregard of NetRatings' rights, making this an exceptional case pursuant to 35 U.S.C. § 285.

## COUNT V

### Infringement Of United States Letters Patent No. 6,138,155

38.    NetRatings repeats the allegations contained in Paragraphs 1 through 37 as though fully set forth herein.

39.    Upon information and belief, Sane Solutions has been, still is, and will continue infringing, contributing to the infringement of, and/or inducing the infringement of the '155 Patent in violation of 35 U.S.C. § 271 by making, selling, using and/or offering for sale one or more of its products, including, but not limited to, its NetTracker suite of products, alone and/or in combination with other Sane Solutions products.

40.    Upon information and belief, Sane Solutions' infringement of the '155 Patent has been and continues to be willful, entitling NetRatings to enhanced damages pursuant to 35 U.S.C. § 284.

41.    As a result of Sane Solutions' infringement of the '155 Patent, NetRatings has suffered injury to its business and property in an amount to be determined as damages, and will continue to suffer damages in the future.

42.    Unless an injunction is issued enjoining Sane Solutions and its officers, agents, servants, employees and attorneys, and all those persons in active concert or participation with it, from infringing the '155 Patent, NetRatings will be irreparably harmed.

43.    Upon information and belief, with full knowledge of the '155 Patent, Sane Solutions willfully and wantonly infringed the '155 Patent in deliberate and intentional disregard of NetRatings' rights, making this an exceptional case pursuant to 35 U.S.C. § 285.

## PRAYER FOR RELIEF

WHEREFORE, NetRatings prays for judgment and relief as follows:

A.      A declaration that Sane Solutions has infringed, is infringing, has induced and is inducing, and has contributed and is contributing to the infringement of United States Letters Patent 6,108,637; 6,115,680; 6,763,386; 5,675,510 and 6,138,155 (collectively, the "patents in suit");

B.      A preliminary and permanent injunction enjoining Sane Solutions, its officers, agents, servants, employees and attorneys, and all those persons in active concert or participation with them, from further infringement, inducing infringement, and contributing to infringement of the patents in suit;

C.      An award of damages in favor of NetRatings and against Sane Solutions sufficient to fully compensate NetRatings for Sane Solutions' infringement of the patents in suit and an assessment of prejudgment interest and post-judgment interest;

D.      A finding by the Court that Sane Solutions' infringement of the patents in suit is willful, and an award of enhanced damages pursuant to 35 U.S.C. § 284;

E.      Trebling the compensatory damages due NetRatings;

F.      A finding by the Court that this is an exceptional case under 35 U.S.C. § 285 and an award to NetRatings of its attorneys' fees, costs and expenses in this action; and

G.      Such other and further relief as the Court deems just and equitable.

Dated: New York, New York
      December __, 2005

                         BROWN RAYSMAN MILLSTEIN
                         FELDER & STEINER LLP

                         By:
                             Frederick L. Whitmer (FW 8888)
                             Seth H. Ostrow (SO 9605)
                             Arianna Frankl (AF 7764)

                         900 Third Avenue
                         New York, New York 10022
                         Telephone:  (212) 895-2000
                         Facsimile:  (212) 895-2900

                         Attorneys for NetRatings, Inc.

## DEMAND FOR JURY TRIAL

NetRatings, Inc. hereby demands trial by jury of all claims and issues so triable.

Dated: New York, New York
      December __, 2005

BROWN RAYSMAN MILLSTEIN
FELDER & STEINER LLP

By: _____
     Frederick L. Whitmer (FW 8888)
     Seth H. Ostrow (SO 9605)
     Arianna Frankl (AF 7764)

900 Third Avenue
New York, New York 10022
Telephone: (212) 895-2000
Facsimile: (212) 895-2900

Attorneys for NetRatings, Inc.

634128