UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------- x

NETRATINGS, INC.,

                 Plaintiff,

     v.

SANE SOLUTIONS, LLC, UNICA
CORPORATION, LORAX ACQUISITION
CORP. and SANE SOLUTIONS, INC.,

             Defendants.

------------------------------------------- x

      :

      :     Civil Action No. 05-cv-5076 (LTS)(AJP)

      :

      :     **JURY TRIAL DEMANDED**

      :

      :

## SECOND AMENDED COMPLAINT FOR PATENT INFRINGEMENT

    Plaintiff NetRatings, Inc. ("NetRatings"), by and through its undersigned counsel, as and

for its Second Amended Complaint for Patent Infringement (the "Complaint") against defendants

Sane Solutions, LLC, Unica Corporation, Lorax Acquisition Corp. and Sane Solutions, Inc.

("Defendants"), states as follows:

### THE PARTIES

    1.     NetRatings is a Delaware corporation with offices at 120 West 45th Street, New

York, New York 10036.  NetRatings is in the business of providing products and services

relating to Internet audience measurement and analysis.

    2.     Upon information and belief, Sane Solutions, LLC ("Sane Solutions") is a Rhode

Island limited liability corporation with its principal place of business at 35 Belver Avenue,

North Kingstown, Rhode Island 02852.



3.      Upon information and belief, Unica Corporation ("Unica") is a Delaware corporation with its principal place of business at Reservoir Place North, 170 Tracer Lane, Waltham, Massachusetts 02451.

4.      Upon information and belief, Lorax Acquisition Corp. ("Lorax") is a Delaware corporation and has a place of business at Reservoir Place North, 170 Tracer Lane, Waltham, Massachusetts 02451.

5.      Upon information and belief, Sane Solutions, Inc. ("Sane II") is a Delaware corporation and has a place of business at Reservoir Place North, 170 Tracer Lane, Waltham, Massachusetts 02451.

6.      Upon information and belief, Unica, Lorax and/or Sane II have acquired all or substantially all of Sane Solutions, either through a stock or asset purchase or some combination thereof or through some other transaction, and are successors-in-interest to Sane Solutions.

7.      Upon information and belief, Defendants do business in the State of New York and/or this District, contracted to supply goods or services within the State of New York and/or this District, have continuous and systematic business contacts within the State of New York and/or this District, derive substantial revenue from interstate commerce from goods used or services rendered in the State of New York and/or this District and commit and has committed acts of patent infringement either within the State of New York and/or this District, or without the State of New York and/or this District but which acts they expected, or reasonably should have expected, would have consequences within the State of New York and/or this District.

8.      On their website, http://www.sane.com/products/NetTracker/customerlist.html, Defendants identify customers of its NetTracker suite of products which, upon information and belief, have extensive activity, if not their principal headquarters, within the State of New York

2

and/or this District.  In addition, on their website, http://www.sane.com/products/NetTracker/ partnerlist.html, Defendants identify companies with which, upon information and belief, they partner in the offering, selling and/or servicing of its NetTracker suite of products.  Upon information and belief such partner companies have extensive activity, if not principal headquarters, within the State of New York and/or this District.

9.     Defendants' activities in offering, selling and/or servicing its NetTracker suite of products to, and partnering in such activities with, New York based companies, are acts which Defendants expected, or reasonably should have expected, to have consequences in New York.

## JURISDICTION AND VENUE

10.    This action arises under the Patent Laws of the United States, 35 U.S.C. § 1 et seq.  This Court accordingly has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

11.    Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b) and (c) and 28 U.S.C. §§ 1400(b).

## FACTS COMMON TO ALL COUNTS

12.    NetRatings and Defendants offer products within the same Internet audience measurement and analysis market.

13.    On August 22, 2000, United States Letters Patent No. 6,108,637 (the "'637 Patent"), entitled CONTENT DISPLAY MONITOR, duly and legally issued to Blumenau. NetRatings is a joint owner by assignment of the '637 Patent and has the exclusive right to enforce the '637 Patent against Sane Solutions.  A true copy of the '637 Patent is annexed hereto as Exhibit 1.

14.    On September 5, 2000, United States Letters Patent No. 6,115,680 (the "'680 Patent"), entitled COMPUTER USE METER AND ANALYZER, duly and legally issued to Coffee, et al. NetRatings is the owner by assignment of the '680 Patent. A true copy of the '680 Patent is annexed hereto as Exhibit 2.

15.    On July 13, 2004, United States Letters Patent No. 6,763,386 (the "'386 Patent"), entitled METHOD AND APPARATUS FOR TRACKING CLIENT INTERACTION WITH A NETWORK RESOURCE DOWNLOADED FROM A SERVER, duly and legally issued to Davis, et al. NetRatings is the owner by assignment of the '386 Patent. A true copy of the '386 Patent is annexed hereto as Exhibit 3.

16.    On October 7, 1997, United States Letters Patent No. 5,675,510 (the "'510 Patent"), entitled COMPUTER USE METER AND ANALYZER, duly and legally issued to Coffey, et al. NetRatings is the owner by assignment of the '510 Patent. A true copy of the '510 Patent is annexed hereto as Exhibit 4.

17.    On October 24, 2000, United States Letters Patent No. 6,138,155 (the "'155 Patent"), entitled METHOD AND APPARATUS FOR TRACKING CLIENT INTERACTION WITH A NETWORK RESOURCE AND CREATING CLIENT PROFILES AND RESOURCE DATABASE, duly and legally issued to Davis, et al. NetRatings is the owner by assignment of the '155 Patent. A true copy of the '155 Patent is annexed hereto as Exhibit 5.

## COUNT I

## Infringement Of United States Patent No. 6,108,637

18.   NetRatings repeats the allegations contained in Paragraphs 1 through 17 as though fully set forth herein.

19.   Upon information and belief, Defendants have been, still are, and will continue infringing, contributing to the infringement of, and/or inducing the infringement of the '637 Patent in violation of 35 U.S.C. § 271 by making, selling, using and/or offering for sale one or more of its products, including, but not limited to, their NetTracker suite of products, alone and/or in combination with other products of the Defendants.

20.   Upon information and belief, Defendants' infringement of the '637 Patent has been and continue to be willful, entitling NetRatings to enhanced damages pursuant to 35 U.S.C. § 284.

21.   As a result of Defendants' infringement of the '637 Patent, NetRatings has suffered injury to its business and property in an amount to be determined as damages, and will continue to suffer damages in the future.

22.   Unless an injunction is issued enjoining Defendants and their officers, agents, servants, employees and attorneys, and all those persons in active concert or participation with them, from infringing the '637 Patent, NetRatings will be irreparably harmed.

23.   Upon information and belief, with full knowledge of the '637 Patent, Defendants willfully and wantonly infringed the '637 Patent in deliberate and intentional disregard of NetRatings' rights, making this an exceptional case pursuant to 35 U.S.C. § 285.

## COUNT II

### Infringement Of United States Patent No. 6,115,680

24.     NetRatings repeats the allegations contained in Paragraphs 1 through 23 as though fully set forth herein.

25.     Upon information and belief, Defendants have been, still are, and will continue infringing, contributing to the infringement of, and/or inducing the infringement of the '680 Patent in violation of 35 U.S.C. § 271 by making, selling, using and/or offering for sale one or more of their products, including, but not limited to, their NetTracker suite of products, alone and/or in combination with other products of the Defendants.

26.     Upon information and belief, Defendants' infringement of the '680 Patent have been and continue to be willful, entitling NetRatings to enhanced damages pursuant to 35 U.S.C. § 284.

27.     As a result of Defendants' infringement of the '680 Patent, NetRatings has suffered injury to its business and property in an amount to be determined as damages, and will continue to suffer damages in the future.

28.     Unless an injunction is issued enjoining Defendants and their officers, agents, servants, employees and attorneys, and all those persons in active concert or participation with them, from infringing the '680 Patent, NetRatings will be irreparably harmed.

29.     Upon information and belief, with full knowledge of the '680 Patent, Defendants willfully and wantonly infringed the '680 Patent in deliberate and intentional disregard of NetRatings' rights, making this an exceptional case pursuant to 35 U.S.C. § 285.

## COUNT III

## Infringement Of United States Letters Patent No. 6,763,386

30.     NetRatings repeats the allegations contained in Paragraphs 1 through 29 as though fully set forth herein.

31.     Upon information and belief, Defendants have been, still are, and will continue infringing, contributing to the infringement of, and/or inducing the infringement of the '386 Patent in violation of 35 U.S.C. § 271 by making, selling, using and/or offering for sale one or more of their products, including, but not limited to, their NetTracker suite of products, alone and/or in combination with other Sane Solutions products.

32.     Upon information and belief, Defendants' infringement of the '386 Patent have been and continue to be willful, entitling NetRatings to enhanced damages pursuant to 35 U.S.C. § 284.

33.     As a result of Defendants' infringement of the '386 Patent, NetRatings has suffered injury to its business and property in an amount to be determined as damages, and will continue to suffer damages in the future.

34.     Unless an injunction is issued enjoining Defendants and their officers, agents, servants, employees and attorneys, and all those persons in active concert or participation with them, from infringing the '386 Patent, NetRatings will be irreparably harmed.

35.     Upon information and belief, with full knowledge of the '386 Patent, Defendants willfully and wantonly infringed the '386 Patent in deliberate and intentional disregard of NetRatings' rights, making this an exceptional case pursuant to 35 U.S.C. § 285.

## COUNT IV

### Infringement Of United States Letters Patent No. 5,675,510

36. NetRatings repeats the allegations contained in Paragraphs 1 through 35 as though fully set forth herein.

37. Upon information and belief, Defendants have been, still are, and will continue infringing, contributing to the infringement of, and/or inducing the infringement of the '510 Patent in violation of 35 U.S.C. § 271 by making, selling, using and/or offering for sale one or more of their products, including, but not limited to, their NetTracker suite of products, alone and/or in combination with other products of the Defendants.

38. Upon information and belief, Defendants' infringement of the '510 Patent have been and continue to be willful, entitling NetRatings to enhanced damages pursuant to 35 U.S.C. § 284.

39. As a result of Defendants' infringement of the '510 Patent, NetRatings has suffered injury to its business and property in an amount to be determined as damages, and will continue to suffer damages in the future.

40. Unless an injunction is issued enjoining Defendants and their officers, agents, servants, employees and attorneys, and all those persons in active concert or participation with them, from infringing the '510 Patent, NetRatings will be irreparably harmed.

41. Upon information and belief, with full knowledge of the '510 Patent, Defendants willfully and wantonly infringed the '510 Patent in deliberate and intentional disregard of NetRatings' rights, making this an exceptional case pursuant to 35 U.S.C. § 285.

## COUNT V

### Infringement Of United States Letters Patent No. 6,138,155

42.     NetRatings repeats the allegations contained in Paragraphs 1 through 41 as though fully set forth herein.

43.     Upon information and belief, Defendants have been, still are, and will continue infringing, contributing to the infringement of, and/or inducing the infringement of the '155 Patent in violation of 35 U.S.C. § 271 by making, selling, using and/or offering for sale one or more of their products, including, but not limited to, their NetTracker suite of products, alone and/or in combination with other products of the Defendants.

44.     Upon information and belief, Defendants' infringement of the '155 Patent has been and continues to be willful, entitling NetRatings to enhanced damages pursuant to 35 U.S.C. § 284.

45.     As a result of Defendants' infringement of the '155 Patent, NetRatings has suffered injury to its business and property in an amount to be determined as damages, and will continue to suffer damages in the future.

46.     Unless an injunction is issued enjoining Defendants and their officers, agents, servants, employees and attorneys, and all those persons in active concert or participation with them, from infringing the '155 Patent, NetRatings will be irreparably harmed.

47.     Upon information and belief, with full knowledge of the '155 Patent, Defendants willfully and wantonly infringed the '155 Patent in deliberate and intentional disregard of NetRatings' rights, making this an exceptional case pursuant to 35 U.S.C. § 285.

9

## PRAYER FOR RELIEF

WHEREFORE, NetRatings prays for judgment and relief as follows:

A.      A declaration that Defendants have infringed, are infringing, have induced and are inducing, and have contributed and are contributing to the infringement of United States Letters Patent 6,108,637; 6,115,680; 6,763,386; 5,675,510 and 6,138,155 (collectively, the "patents in suit");

B.      A preliminary and permanent injunction enjoining Defendants, their officers, agents, servants, employees and attorneys, and all those persons in active concert or participation with them, from further infringement, inducing infringement, and contributing to infringement of the patents in suit;

C.      An award of damages in favor of NetRatings and against Defendants, jointly and severally, sufficient to fully compensate NetRatings for Defendants' infringement of the patents in suit and an assessment of prejudgment interest and post-judgment interest;

D.      A finding by the Court that Defendants' infringement of the patents in suit is willful, and an award of enhanced damages pursuant to 35 U.S.C. § 284;

E.      Trebling the compensatory damages due NetRatings;

F.      A finding by the Court that this is an exceptional case under 35 U.S.C. § 285 and an award to NetRatings of its attorneys' fees, costs and expenses in this action; and

G.      Such other and further relief as the Court deems just and equitable.

Dated: New York, New York
    April 12 2006

                                      BROWN RAYSMAN MILLSTEIN
                                      FELDER & STEINER LLP

By:_____
                                 Frederick L. Whitmer (FW 8888)
                                 Seth H. Ostrow (SO 9605)
                                 Arianna Frankl (AF 7764)

                                 900 Third Avenue
                                 New York, New York 10022
                                 Telephone: (212) 895-2000
                                 Facsimile: (212) 895-2900

                                 Attorneys for NetRatings, Inc.

## DEMAND FOR JURY TRIAL

NetRatings, Inc. hereby demands trial by jury of all claims and issues so triable.

Dated: New York, New York
     April 12, 2006

                BROWN RAYSMAN MILLSTEIN
                FELDER & STEINER LLP

                By:_____
                    Frederick L. Whitmer (FW 8888)
                    Seth H. Ostrow (SO 9605)
                    Arianna Frankl (AF 7764)

                    900 Third Avenue
                    New York, New York 10022
                    Telephone:  (212) 895-2000
                    Facsimile:  (212) 895-2900

                    Attorneys for NetRatings, Inc.

904236

## DECLARATION OF SERVICE

I, Karine Louis, declare that on the 12th day of April 2006, I caused a true and correct copy of the SECOND AMENDED COMPLAINT FOR PATENT INFRINGEMENT, to be served upon the following persons in the manner indicated:

*By Electronic Mail and Federal Express:*

Nicholas G. Papastavros, Esq.
**Nixon Peabody LLP**
100 Summer Street
Boston, Massachusetts 02110

Larry Kolodney, Esq.
**Fish & Richardson P.C.**
225 Franklin Street
Boston, Massachusetts  02110

Attorneys for Defendants Sane Solutions, LLC; Unica Corporation;
Lorax Acquisition Corp. and Sane Solutions, Inc.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 12th day of April 2006 at New York, New York.

_____
Karine Louis